IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**REBECCA B.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

No. 6:19-CV-00537-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Rebecca B. was denied Supplemental Security Income. She appeals to this Court, arguing that the Administrative Law Judge ("ALJ") erred by improperly rejecting medical source opinions, failing to find that Plaintiff met a step three listing, rejecting Plaintiff's subjective symptom testimony, and conducting an inadequate analysis at step five. Because the Commissioner of Social Security's ("Commissioner") decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

**STANDARD OF REVIEW**

    The Court has jurisdiction under 42 U.S.C. § 405(g). A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## **DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies her burden with respect the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: traumatic brain injury; migraine; anxiety disorder; panic disorder; depression; neurocognitive disorder; bereavement disorder; fibromyalgia; and history of sternum fracture. Tr. 13.[2] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or

---

[2] "Tr" refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

2 – OPINION AND ORDER

equaled any of the Listing of Impairments. Tr. 13 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926). The ALJ assigned Plaintiff the following RFC:

> The claimant has the [RFC] to perform light work, as defined in [20 C.F.R. § 416.967(b), with the following limitations. She can never climb ladders, ropes, or scaffolds. She can never work around workplace hazards, such as dangerous machinery and unprotected heights. She can understand, remember, and carryout simple, easy to learn, repetitive job tasks consistent with a Dictionary of Occupational Titles GED reasoning level of 2 or less. She can have no more than occasional public contact. She needs a static work environment with few changes in work routines and settings.

Tr. 16. Based on the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could not perform past relevant work but could perform jobs that exist in significant numbers in the national economy. Tr. 24–25. The ALJ determined Plaintiff was not disabled. Tr. 26.

## I. Medical Opinions

Plaintiff first argues that the ALJ erred in rejecting the opinions of treating physician Dr. Michael Boespflug, examining psychologist Dr. Pamela Roman, and psychiatric-mental health nurse practitioner Jackie Hall. The ALJ is responsible for resolving conflicts in the medical record. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Turner v. Comm'r*, 613 F.3d 1217, 1222 (9th Cir. 2010) (internal quotation marks and citation omitted). An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may reject the contradicted opinion of a treating or examining doctor by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

For "other medical" source opinions, an ALJ may reject that testimony for reasons germane to that witness. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Germane reasons include

3 – OPINION AND ORDER

a finding that the testimony contradicts that of other medical specialists or a noted inconsistency with a claimant's activities. *Dale v. Colvin*, 823 F.3d 941, 944–45 (9th Cir. 2016); *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015).

### A. Dr. Boespflug

Dr. Boespflug has been Plaintiff's treating physician since 2004. Tr. 637. Dr. Boespflug filled out a medical source statement in 2017 and diagnosed Plaintiff with anxiety, depression, irritable bowel syndrome, fibromyalgia, closed head injury, and lymphocytic colitis. Tr. 637. Dr. Boespflug opined that Plaintiff had various "extreme," "marked," and "moderate" limitations related to Plaintiff's ability to function at work. Tr. 639–40. Dr. Boespflug also believed that Plaintiff needed multiple breaks throughout the day and that Plaintiff would miss more than two days of work per week. Tr. 638. The ALJ gave limited weight to Dr. Boespflug's opinion, instead finding that it was inconsistent with the record as whole, inconsistent with Plaintiff's activities of daily living, and Plaintiff's work history. Tr. 22. The ALJ also found that Dr. Boespflug's opinions about Plaintiff's mental functioning were based on Plaintiff's own subjective reports, which the ALJ considered inconsistent with the record as a whole. Tr. 22.

Plaintiff first contends that the ALJ improperly rejected Dr. Boespflug's opinion using "invalid boilerplate language." Pl.'s Op. Br. 12, ECF No. 13. Plaintiff's argument centers on the lack of citation in the ALJ's decision, but that fails to describe accurately what the ALJ did here. While the ALJ did not provide exact citations throughout their decision, it is specific enough for the Court to draw reasonable inferences from the record. *Batson*, 359 F.3d at 1196.

The ALJ noted that Dr. Boespflug's opinion was contradicted by other medical opinions and his own treatment notes. Tr. 13–15, 18–23, 72–79, 84–104, 293–95, 394, 585–617. Because of these contradictions, the ALJ needed to provide specific and legitimate reasons to discount Dr.

4 – OPINION AND ORDER

Boespflug's opinion. *Bayliss*, 427 F.3d at 1216. The ALJ noted that Plaintiff's daily activities were inconsistent with Dr. Boespflug's opinion. Tr. 15, 18–19, 22. This included Plaintiff's ability to socialize (Tr. 365, 536, 591–92); engage in work activities (Tr. 188, 586); independently manage her personal hygiene, pets, and medical care (Tr. 365, 395, 595); complete chores around the house (Tr. 363–68, 536, 591); and participate in outdoor activities, including exercise. Tr. 388, 393, 590–91, 614. The ALJ also found that Plaintiff's medical record did not support Dr. Boespflug's opinion. *See* tr. 72–79, 84–104, 293–95, 394, 585–617. And, as previously noted, Dr. Boespflug's own treatment notes contradicted his opinion. Tr. 19, 22, 293–95, 585–617. For example, Dr. Boespflug suggested that Plaintiff's improvement would allow her to volunteer as a work attendant. Tr. 592.

While Plaintiff urges the Court to interpret the record otherwise, the Court is bound to uphold the Commissioner's conclusion if it is a rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Ultimately, the ALJ provided "specific and legitimate reasons . . . supported by substantial evidence" for assigning Dr. Boespflug's opinion limited weight. *Bayliss*, 427 F.3d at 1216.

**B. Dr. Roman**

Dr. Roman administered a psychodiagnostics assessment of Plaintiff in 2015. Tr. 363–68. Dr. Roman diagnosed Plaintiff with generalized anxiety disorder and major depressive disorder, single episode severe. Tr. 366–67. Dr. Roman found that "given [Plaintiff's] emotional presentation she would have difficulty maintaining attention and concentration throughout a normal work week and work day without decompensating and distracting others." Tr. 367. The ALJ gave Dr. Roman's opinion some weight, finding that:

> [Dr. Roman's] opinion regarding the claimant's inability to sustain attention and concentration is not entirely consistent with the record as a whole, including the

claimant's objective findings, her longitudinal medical records, and her activities of daily living. In particular, despite the claimant's tearfulness during the evaluation, the objective findings assessing concentration, persistence, or pace were generally within normal limits. Likewise, despite the claimant's tearfulness and alleged mental health symptoms, she was nevertheless able to engage in work activity and complete typical activities of daily living.

Tr. 23.

Plaintiff argues that the ALJ is incorrect because, "when the record is properly considered, the objective findings, longitudinal records, and deficits in activities of daily living overwhelmingly support Dr. Roman's opined limitations." Pl.'s Op. Br. 14. But the Court disagrees. An ALJ can properly discount a medical opinion inconsistent with the record, unsupported by clinical findings, and inconsistent with a claimant's daily activities. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). As discussed above, Plaintiff's medical record did not fully support Dr. Roman's opinion. *See* tr. 72–79, 84–104, 293–95, 394, 585–617. And Dr. Roman's own clinical findings reflected that Plaintiff's concentration, persistence, and pace were within normal limits. Tr. 366–67 (finding that Plaintiff had no difficulty performing the serial threes task and could complete basic arithmetic). Additionally, as mentioned, Plaintiff's daily activities were inconsistent with Dr. Roman's opinion. *See* tr. 363–68, 388, 393, 536, 590–92, 614. The ALJ also found that Dr. Roman, as a licensed psychologist, could not properly diagnose or evaluate Plaintiff's physical limitations. Tr. 23. An ALJ may engage in such reasoning. *See* 20 C.F.R. § 416.927(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.").

Once again, while the ALJ's reasoning here did not include exact citations, the Court can still draw reasonable inferences from the record. *Batson*, 359 F.3d at 1196. Because the ALJ's

decision to assign Dr. Roman's opinion limited weight is supported by substantial evidence, the ALJ did not err.

### C. Ms. Hall

Ms. Hall is one of Plaintiff's treating mental healthcare providers. Tr. 633–36. In 2017, Ms. Hall provided a medical source opinion where she opined that Plaintiff would struggle to complete a full workday without additional rest periods and limited interactions with others. Tr. 22, 633–38. The ALJ assigned Ms. Hall's opinion limited weight because it was inconsistent with the record and inconsistent with Plaintiff's "documented activities of daily living, including [Plaintiff's] caring for her autistic son and working as a caregiver for another individual." Tr. 22.

Plaintiff and the Commissioner agree that the ALJ needed to put forth specific, germane reasons for rejecting Ms. Hall's opinion. Pl.'s Op. Br. 15; Def.'s Br. 12, ECF No. 20. Inconsistency with the medical record or the opinions of physicians is one germane reason. *See Molina*, 674 F.3d at 1111–12. The ALJ could also consider inconsistency with Plaintiff's activities. *Britton*, 787 F.3d at 1013 (9th Cir. 2015). As discussed above, the ALJ provided both these reasons in their decision. *See* tr. 22, 72–79, 84–104, 293–95, 363–68, 388, 393–94, 585–617.

In sum, the Court finds that the ALJ did not commit legal error when weighing the opinions of Dr. Boespflug, Dr. Roman, and Ms. Hall.

## II. The ALJ's Step Three Finding

Plaintiff next challenges the ALJ's step three analysis, where the ALJ found that Plaintiff's impairments failed to meet or equal the criteria of a listed impairment. Pl.'s Op. Br. 16. Plaintiff specifically argues that "the ALJ erred by (1) failing to consider Listing 14.09D in regard to [Plaintiff's] fibromyalgia; (2) making a boilerplate finding . . . that [Plaintiff's] traumatic brain injury does not meet or equal the requirements of Listing 11.18; and (3) improperly assessing

[Plaintiff's] mental health functioning." *Id.* (citing tr. 13–16). The Commissioner counters that "Plaintiff asserts no more than a conclusory allegation of error at step three . . . [and has thus] waived any challenge . . . by failing to present any substantive challenge in her opening brief." Def.'s Br. 14 (citing *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)).

Even if the Court assumes that Plaintiff has not waived their claim, the ALJ's step three analysis was without error. Tr. 13–16. Plaintiff had the burden of proving that her symptoms equaled a listed impairment at step three. *Burch*, 400 F.3d at 683. "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Id.* (citing *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)); *see also Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) ("It is unnecessary to require the [Commissioner], as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments.").

The ALJ provided extensive reasoning why Plaintiff failed to meet a listed impairment at step three. Tr. 13–16. Further, while Plaintiff asks the Court to reweigh the evidence before the ALJ, Plaintiff fails to establish equivalence to a listed impairment because the ALJ's decision was a rational interpretation of the record. *Burch*, 400 F.3d at 683; *Batson*, 359 F.3d at 1196. For these reasons, the ALJ did not err in finding that Plaintiff failed to meet her burden at step three.

### III. Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ erred by rejecting her subjective symptom testimony. An ALJ can only reject testimony about the severity of a claimant's symptoms by offering "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). But the ALJ is not "required to believe every allegation of disabling

pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina*, 674 F.3d at 1112 (citation omitted). The ALJ may "consider a range of factors," including:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The Court will uphold an ALJ's credibility finding even if all the ALJ's rationales for rejecting clamant testimony are not upheld. *Batson*, 359 F.3d at 1197.

Plaintiff testified to anxiety, depression, tearfulness, poor concentration, difficulty socializing, and fibromyalgia. Tr. 45–59, 243–50. Plaintiff also testified that she struggled to cope with stress and manage changes in routine. *Id.* Yet Plaintiff also testified that she could maintain her personal care, perform household chores, care for her pets, and care for her adult son with autism. *Id.*

The ALJ found that "claimant's statements concerning the intensity, persistence and limiting effect of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 17. The ALJ supported this finding by discussing multiple reasons why Plaintiff's subjective symptom testimony was less than credible. This includes noted inconsistencies with Plaintiff's daily activities (Tr. 18, 363–68, 388, 393, 536, 590–92, 614); discussions around Plaintiff's course of treatment and medication (Tr. 18, 21, 471–72, 585); and noted inconsistencies between Plaintiff's alleged symptoms and the medical evidence. Tr. 16–21, 72–79, 84–104, 248, 294, 354–60, 459–67. These are all a "range of factors" the ALJ could consider. *Lingenfelter*, 504 F.3d at 1040.

In sum, the ALJ provided clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## IV. ALJ's Step Five Analysis

Plaintiff argues that the ALJ erred at step five by "failing to conduct an adequate analysis at step five." Pl.'s Op. Br. 19. Plaintiff specifically contends that if Dr. Boespflug's opinion was weighed correctly and if the ALJ had presented all of Plaintiff's limitations to the VE, then a disability finding is the only conclusion. *Id.* at 20. But an ALJ only needs to base their step five analysis on evidence properly supported by the record. *See Bayliss*, 427 F.3d at 1217 ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper."). As correctly noted by the Commissioner, "the restatement of Plaintiff's earlier arguments fails to establish error." Def.'s Br. 20 (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008)). Because the Court found that the ALJ did not err in discounting Dr. Boespflug's opinion or Plaintiff's testimony, then it follows that the ALJ also did not err at step five of their analysis. *Stubbs-Danielson*, 539 F.3d at 1175–76.

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 28th day of September, 2020.

                                          ___s/Michael J. McShane_____
                                          Michael J. McShane
                                          United States District Judge